IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,        )
                                 )
        v.                       )    No. 05 CR 1003
                                 )
MARK J. HELFAND, et al.          )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motions in limine. For the reasons stated below, we grant in part and deny in part the motions

## DISCUSSION

I. Early Return of Trial Subpoenas and Payment of Related Costs

Defendants request that the court order an early return of trial subpoenas and order the United States Marshal to serve, free of cost, any and all subpoenas that Defendants require. The Government does not object to the early return of trial subpoenas provided that it equally applies to subpoenas issued by the Government. Defendants should serve their subpoenas and may seek compensation for costs as is appropriate at the conclusion of these proceedings. Therefore, we grant Defendants'

1

motion for the early return of trial subpoenas and the requirement of an early return on trial subpoenas applies to both Defendants' subpoenas and the Government's subpoenas. We deny Defendants' request for the United States Marshal to serve Defendants' subpoenas.

II. Production of Rule 404(b) Evidence

Defendants request that the court order the Government to produce all evidence that it intends to rely upon that must be disclosed pursuant to Rule 404(b) of the Federal Rules of Evidence ("Rule 404(b)"). The Government states that it currently does not intend to rely on any such evidence and that, if the Government decides to introduce such evidence, it will comply with Defendants' request to disclose such evidence no later than thirty days before trial. Therefore, we deny as moot Defendants' motion for the production of Rule 404(b) evidence.

III. Preservation of Rough Notes

Defendants request that the court order the Government to preserve rough notes that were prepared by law enforcement authorities, investigative agencies, and civilian agents and informants during the course of the investigation in this case. The Government does not object to the motion and we grant Defendants' motion for

the preservation of rough notes.

IV. Production of Favorable Evidence

Defendants request that the court order the Government to produce all favorable evidence required to be produced under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *Agurs v. United States*, 427 U.S. 97 (1976), and *United States v. Bagley*, 473 U.S. 667 (1986). The Government indicates that it has produced all such evidence. There has been no showing by Defendants that the Government has not produced all such evidence and the Government acknowledges its ongoing duty to produce such evidence. Therefore, we deny as moot Defendants' motion for the production of favorable evidence.

V. Bill of Particulars

Defendant Mark J. Helfand ("Helfand") has also filed a motion requesting that the court order the Government to file a bill of particulars. A court should not order the Government to prepare a bill of particulars if "the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial." *United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003)(quoting *United States v. Kendall,* 665 F.2d 126, 135 (7th

Cir. 1981)). The Seventh Circuit has indicated that a bill of particulars is not warranted if the indictment includes: 1) "each of the elements of the offense charged," 2) "the time and place of the accused's conduct which constituted a violation," and 3) "a citation to the statute or statutes violated . . . ." *Id.*

In the instant action, Helfand is charged in the indictment with committing bank fraud in violation of 18 U.S.C. § 1344 ("Section 1344") when he allegedly participated in a scheme to defraud Flagstar Bank, F.S.B. ("Flagstar"). Section 1344 provides that:

> Whoever knowingly executes, or attempts to execute, a scheme or artifice--
> (1) to defraud a financial institution; or
> (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises; shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

18 U.S.C. § 1344. The indictment in the instant action provides details of Helfand's alleged misconduct relating to the elements of bank fraud. For example, the indictment states that Helfand took part in a fraud scheme. (Ind. Par. C1, 14; C2, 2; C3, 2; C4, 2; C5, 2; C6, 2; C7, 2; C8, 2; C9, 2; C10, 2; C11, 2; C12, 2). The indictment also indicates that Helfand intended to defraud Flagstar and that Helfand "knowingly executed and attempted to execute" the fraud scheme. (Ind. Par. C1, 2, 14; C2, 2; C3, 2; C4, 2; C5, 2; C6, 2; C7, 2; C8, 2; C9, 2; C10, 2; C11, 2; C12, 2).

The indictment also indicates that Helfand attempted to defraud Flagstar and that Flagstar is a financial institution. (Ind. Par. 1(e)). Thus, the indictment covers the elements for Section 1344.

The indictment also provides the place where Helfand's alleged misconduct occurred, the approximate time periods during which it occurred, and specifically indicates that Helfand violated Section 1344. (Ind. Par. C1, 14; C2, 2; C3, 2; C4, 2; C5, 2; C6, 2; C7, 2; C8, 2; C9, 2; C10, 2; C11, 2; C12, 2). In addition, the indictment provides details concerning each Defendant's role in the alleged fraud scheme. (Ind. Par. C1, 3-14, C2, 1; C3, 1; C4, 1; C5, 1; C6, 1; C7, 1; C8, 1; C9, 1; C10, 1; C11, 1; C12, 1). Finally, the Government has shown that it has provided Helfand with a variety of evidence during discovery that should reasonably have given Helfand sufficient notice of all of the details that he requests in the bill of particulars. *See Fassnacht*, 332 F.3d at 447 n.2 (stating that the Government in that case "provided the defendants with extensive pretrial discovery, giving them full access to all documentary evidence in the government's possession, thus further obviating the need for a bill of particulars"). Therefore, Helfand has not shown that a bill of particulars is warranted and we deny the motion for a bill of particulars.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motion for the early return of trial subpoenas and it will apply equally to those issued by the Government. We deny Defendants' request for the United States Marshal to serve Defendants' subpoenas. We also grant Defendants' motion for the preservation of rough notes, and deny as moot Defendants' motion for the production of Rule 404(b) evidence and Defendants' motion for the production of favorable evidence. We also deny Helfand's motion for a bill of particulars.

_____
Samuel Der-Yeghiayan
United States District Court Judge


Dated: May 23, 2006