## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **No. 05 CR 1003** |
| | ) | |
| **MARK J. HELFAND, et al.** | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Mark J. Helfand's ("Helfand")

motion for judgment of acquittal. For the reasons stated below, we deny the motion.

## BACKGROUND

On December 13, 2005, Helfand was charged in this case in an indictment

with twelve Counts of bank fraud alleging a violation of 18 U.S.C. § 1344 and 18

U.S.C. § 2. The indictment charged Helfand and his co-defendants with engaging in

a scheme to defraud Flagstar Bank, F.S.B. ("Flagstar"). This case proceeded to a

jury trial and on December 12, 2006, Helfand was found not-guilty by the jury on

Counts I, II, III, IV, V, VI, VIII, IX, X, XI, and XII of the indictment. The jury

found Helfand guilty on Count VII of the indictment. Helfand now moves for a

judgment of acquittal on Count VII pursuant to Federal Rule of Criminal Procedure

29(c).

## LEGAL STANDARD

A defendant in a criminal case who has been found guilty by a jury may move for an acquittal under Federal Rule of Criminal Procedure 29(c). Fed. R. Crim. P. 29(c). If the defendant is challenging the sufficiency of the evidence presented at trial, the court must "consider the evidence in the light most favorable to the prosecution, drawing all reasonable inferences in the government's favor," and a "[r]eversal is appropriate only when, after viewing the evidence in such a manner, no rational jury 'could have found the defendant to have committed the essential elements of the crime.'" *United States v. Macari*, 453 F.3d 926, 936 (7th Cir. 2006)(quoting *United States v. Masten,* 170 F.3d 790, 794 (7th Cir. 1999)); *see also United States v. Pree*, 408 F.3d 855, 865 (7th Cir. 2005)(stating that a motion for acquittal should be granted "only if, viewing the evidence in the light most favorable to the Government, no rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt"); *United States v. Gougis*, 432 F.3d 735, 743-44 (7th Cir. 2005)(stating that a defendant who is challenging the sufficiency of the evidence "faces a nearly insurmountable hurdle")(citation omitted).

## DISCUSSION

Helfand argues that at trial the Government argued during its rebuttal closing argument for the first time that Helfand forged the signature of Lisa McGill ("McGill") on the back of a check. The check was a $27,000 cashier's check ("Check"), dated January 12, 2000, and bearing a bank deposit stamp of January 19,

2000.  Helfand argues that the jury was confused because the argument was not raised until the rebuttal phase of closing arguments and Helfand contends that, due to the confusion, the court should set aside the finding of guilty on Count VII and enter a judgment of acquittal on that count.

## I.  Misstatement of Government's Arguments

Helfand's motion is premised mainly on a misstatement of the Government's arguments made during closing arguments.  Helfand states that the Government argued during its rebuttal closing argument that "Mark Helfand forged the signature of Lisa McGill on the back of the cashiers [sic] check from Builders Bank."  (Mot. Acquit. 1).  However, this assertion by Helfand is not followed by any citation to the record.  (Mot. Acquit. 1).  In fact, Helfand has failed to point to any portion of the closing arguments or trial that shows when the Government argued or insinuated that Helfand himself forged McGill's signature on the Check.  The Check, which was introduced at trial as a Government's Exhibit, was the basis for a purported verification of deposit that showed that McGill had $27,000 of her own funds in a bank account.  During Helfand's closing argument, Helfand challenged his involvement in the bank fraud, contending that he merely acted as an unwitting intermediary for the other Defendants.  However, under the Government's theory of the case, Helfand took an active roll in the bank fraud, including depositing the Check and using the Check to deceive Flagstar.  The Government thus had a justification to argue in its rebuttal closing argument that Helfand was "essentially

the driver" of the bank fraud and to refer to the Check. (TR 11). The Government asked the jury to examine the signatures on the Check, including Helfand's signature, illustrating his involvement in the fraud. (TR 12). The Government also asked the jury to compare McGill's supposed signature on the Check with her signature on the settlement statement and told the jury that it would discover that "McGill did not sign the back of the cashier's check." (TR 12). The Government pointed out to the jury that Helfand printed his signature on the Check above McGill's signature and signed his name below her signature. (TR12). However, the Government did not ask the jury to compare McGill's forged signature with Helfand's signature. Nor did the Government argue or even imply that McGill's signature was forged by Helfand. Thus, Helfand incorrectly asserts that the Government gave the impression to the jury that Helfand forged McGill's signature on the Check.

The Government also correctly points out that Helfand misstates the purpose of the references to the Check during the Government's rebuttal closing argument. The Government did not, as Helfand contends, refer to the Check and the forgery in order to merely show that the Check lacked a proper endorsement. Rather, the Government referred to the Check in order to show that McGill did not possess $27,000 of her own money. That fact in turn showed that Flagstar was misled by the Check issued by Helfand during the fraudulent transaction. Helfand indicated that the $27,000 was available to provide the down payment. However, such funds were not available from McGill due to the fraud by Helfand, which misled Flagstar. Thus, the Government had proper reasons to reference the Check during its rebuttal closing

argument that had nothing to do with the issue of whether Helfand himself forged McGill's signature on the Check or whether the Check was properly endorsed.

## II.  Relevancy of Forgery by Helfand

Helfand also argues that whether he forged the signature on the Check was a key issue because "[i]n order for a Defendant to be convicted of executing a scheme to defraud, he had to make a material misrepresentation."  (Mot. Acquit. 3). However, such a statement is not an accurate statement of the law.  In determining whether a defendant is guilty of fraud, "it matters not whether the fraudulent scheme was accomplished by an affirmative misrepresentation nor whether the fraud succeeded and the victim [was] deceived."  *United States v. LeDonne*, 21 F.3d 1418, 1426 (7th Cir. 1994).  A defendant can be found guilty of fraud "[a]s long as the scheme was devised with the intent to defraud. . . ."  *Id.* (stating that "the focus of the offense of a 'scheme to defraud' is on the 'intended end result, not on whether a false representation was necessary to effect the result'")(quoting in part *United States v. Cronic*, 900 F.2d 1511, 1513 (10th Cir. 1990)).  Thus, in the instant action, Helfand could have been found guilty on Count VII regardless of whether he made a material representation by forging McGill's signature on the Check.  We also note that even if the Government had argued, as Helfand contends, that Helfand forged McGill's signature on the Check, there would not be a sufficient basis to warrant the entry of a judgment of acquittal on Count VII.  In addition, even if, as Helfand argues, the forgery issue was raised for the first time in the Government's rebuttal

and the Check could not possibly have misled Flagstar, it would not warrant the entry of a judgment of acquittal on Count VII. There was sufficient evidence presented during the trial for the jury to find Helfand guilty on Count VII.

## III. Rebuttal Closing Argument was not Evidence

Finally, any potential confusion by the jury resulting from the closing arguments was rectified by the jury instructions in this case. The statements that Helfand objects to in his motion were made by the Government during its closing arguments. The references to the Check made by the Government during its rebuttal closing arguments were merely statements presented by the Government indicating what the Government thought the evidence showed. The court specifically instructed the jury in the jury instructions that the arguments made during closing arguments were not evidence and that the jury should rely upon its own recollection and examination of the evidence in determining Helfand's guilt. The Check was admitted into evidence during the trial and the references to the Check during closing arguments were not additional evidence. Neither is there anything in the record that would indicate that the jury was confused nor would reasonably have been confused by the reference to the Check during the Government's rebuttal closing argument. Helfand's concerns regarding juror confusion are based upon nothing more than his speculation that "[i]t appears" that the finding of guilty on Count VII was due to some misunderstanding by the jury. (Mot. Acquit. 3). However, Helfand has not pointed to any portion of the record that makes such a conclusion as to juror

confusion a justifiable conclusion. Rather, a review of the record in this case shows Helfand's argument concerning confusion among the jurors is without merit. Sufficient evidence was presented by the Government for the jury to find Helfand guilty on Count VII. Therefore, based on the above, we deny the motion for judgment of acquittal.

## CONCLUSION

Based on the foregoing analysis, we deny the motion for judgment of acquittal.


Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 12, 2007